## Use of Seized Liquors.

*Liquor law—Use of seized liquors—Distribution of liquors.*

Alcoholic liquors which have been seized and have not been returned to innocent owners belong to the Commonwealth, and may be used for legal and proper purposes by State agencies which would need to procure and use similar alcoholic liquors.

Department of Justice. Opinion to Hon. Ellen C. Potter, Chairman of Alcoholic Board.

WOODRUFF, Att'y-Gen., Jan. 7, 1927.—Answering request from the Alcohol Permit Board, I have considered and will herein answer the following question from the Alcohol Permit Board:

*Statement.* The Alcohol Permit Board has on hand, and is likely from time to time to have on hand, some alcoholic liquid varying from that which is recognized as a beverage, such as wines, spirituous liquors and the like, to the most completely denatured forms of denatured alcohol. In many instances, such alcoholic liquids upon application have been and perhaps will be returned to the owners thereof for good cause shown. However, the time for application for return having passed, and alcoholic liquids seized under authority of the Alcohol Permit Board not having been returned, the board is confronted with the necessity of destroying such seized alcoholic liquids.

*Question.* Would it be legal and proper for the Alcohol Permit Board in any way to allow such alcoholic liquids as have been seized and are not to be

### Use of Seized Liquors.

returned to be used and thereby destroyed by State agencies which, in the regular course of their activities, would need to procure and use similar alcoholic liquids for good legal purposes?

Such alcoholic liquids as the Alcohol Permit Board seize and do not return to proven innocent owners thereof must, according to the law, be destroyed so that they will no longer get into illegal channels of use. That is the clear intent of the law and any use of such alcoholic liquids which would not surely bring about their destruction by their use for an undoubtedly legal purpose, or by destroying it without use, would be a material breach of the law. However, the destruction of that which is legally and advantageously usable otherwise than by such legal and advantageous use, is highly abhorrent to the entire underlying principle of our laws, which have been adopted not to destroy, but to conserve and preserve. Also, the alcoholic liquid seized and not to be returned undoubtedly belongs to the Commonwealth for final disposition. It must be destroyed because the law so provides.

However, if such destruction can be brought about by legal use, without loss of the value contained in the alcoholic liquid involved, and, therefore, without loss to the general public, destruction by such use, in my opinion, would not be contrary to the mandate of the law.

For this reason, a study should be made of uses by reliable State agencies to which the seized alcoholic liquid may be subjected, and, with as much precaution as is reasonably possible to insure the destruction by use as intended when the alcoholic liquid is turned over to any State agency, the alcoholic liquid seized under authority of the Alcohol Permit Board and not returned to private owners, which can be so used, may be destroyed by such use for the respective purposes for which each kind of alcoholic liquid is best adapted. Completely denatured alcohol could thus be used for anti-freeze purposes by those government agencies which are obliged to operate State-owned automobiles, and a study might find other similar uses for completely denatured alcohol. Certain kinds of specially denatured alcohol, if seized and retained, might be used for rubbing and bathing purposes in hospitals and similar institutions of the State. Alcoholic liquids which are such stimulating beverages as are prescribed as medicine in our hospitals of various kinds could, with due precaution that they will be so used, be turned over to such hospitals, thus saving the State the expense of providing similar medicinal beverages for the treatment of the sick and injured.

In other words, a careful study of the needs of State agencies for the kind of alcoholic liquid confiscated and in the possession of the Alcohol Permit Board might lead to a legally advantageous use, instead of a dead-loss destruction, of most of the alcoholic liquid thus confiscated and held.

When it is reasonably evident that destruction by advantageous and legal use is not available for any portion of any kind of alcoholic liquid confiscated and held by the Alcohol Permit Board, it can then be destroyed in the usual disadvantageous ways of pouring into the sewer and the like.

Incidentally, it is my opinion that an orderly method of disposing of this property of the Commonwealth would be through the Department of Property and Supplies, providing a reasonable and safe method can be worked out, and it seems to me that it is the right and duty of the Department of Property and Supplies to take into possession and dispose of wisely by the methods outlined above any alcoholic liquid which can be used advantageously and legally by State agencies.

From C. P. Addams, Harrisburg, Pa.